IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE EDWARD FITZMAURICE, | : | |
| | : | Civil No. 1:10-CV-2262 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION AND ORDER**

**I.     Statement of Facts and of the Case**

This is a *pro se* civil rights action brought by Lance Edward Fitzmaurice ("Fitzmaurice"), a prisoner formerly housed in the United States Penitentiary-Canaan ("USP-Canaan") in Pennsylvania. Fitzmaurice brought this action on November 2, 2010, pursuant to the Federal Tort Claims Act ("FTCA"),[1] (Doc. 1, p.1.), through the filing of a detailed nineteen-page, typed pleading, and accompanying exhibits.

In his complaint, Fitzmaurice named the United States of America as defendant and asserted acts of negligence and misconduct by prison staff in the course of a medical transport of Fitzmaurice for treatment outside the prison. Specifically,

---

[1] "Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts." Bowens v. U.S. Dept. of Justice, 2009 WL 3030457, *1, n. 2 (M.D. Pa.). In an FTCA action, the only proper defendant is the United States. Id.

Fitzmaurice alleged that at all times he was in the care and custody of the Federal Bureau of Prisons ("FBOP") and that he was confined at USP-Canaan in Pennsylvania. (Id. at p. 2). Fitzmaurice further alleged that on October 19, 2009, he was the subject of a medical consult trip to the Mogerman Jason Orthopedic Institute (the, "Institute"). (Id.). According to Fitzmaurice, he was placed in leg/ankle restraints, and handcuffs attached to a belly chain. (Id.). Fitzmaurice then stated that he was further placed in what is referred to as a "black box" to further restrain mobility of the wrists, forearms, and arms. (Id. at p. 3). Fitzmaurice alleged that he was then placed in a van and taken to the institute. (Id.). Upon arrival at the Institute, Fitzmaurice stated that the officers exited the van and opened the passenger compartment of the van. (Id.). According to Fitzmaurice, he was then told to exit the van by stepping on the grated side step of the van. (Id. at p. 4).

Fitzmaurice next alleged that as he was stepping onto the grated step of the van, the chain which was composed of the ankle restraints fell through the spaces of the grate and became lodged in the grate. (Id.). Fitzmaurice then stated that as a result of the chain becoming lodged in the grate and the momentum of moving forward, he fell on to the pavement, violently slamming face first into the pavement with nothing to break his fall as he was secured in handcuffs and the black box secured to a belly chain around his waist. (Id.). Fitzmaurice alleged the officers

2

neglected to assist him throughout the incident. (Id. at p. 5). Finally, Fitzmaurice asserted injuries to his head, abrasions and contusions to his face, injuries to his left hand, injuries to his left wrist, injuries to his thumb on his left hand, injury to the lumbar spine, aggravated and preexisting condition to his right knee, anxiety and depression, lack of trust for safety by prison officials, humiliation, embarrassment, mental distress and emotional injury. (Id. at p. 6).

This case now comes before the court on two motions *in limine* filed by Fitzmaurice which seek to preclude the United States from presenting evidence of Fitzmaurice's prior convictions from the trial of this case. (Docs. 41 and 44.) The United States has responded to these motions *in limine*, arguing that reference to these prior convictions may be appropriate at trial both for impeachment purposes under Rule 609 of the Federal Rules of Evidence, and as proof of other relevant acts, pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence. (Doc. 48.) Accordingly, these motions are now ripe for resolution.

For the reasons set forth below, we will deny these motions, but without prejudice to Fitzmaurice raising these claims at the trial of this case, when these questions can be addressed in the context of a fully developed factual record.

## II.    Discussion

Fitzmaurice's motions *in limine,* and the government's response to those motions, call upon the court to determine, in the abstract, the probative relevance, and prejudicial impact, of information relating to the plaintiff's criminal history in an FTCA-personal injury lawsuit.  This task, in turn, entails evidentiary questions regarding both the relevance and prejudicial impact of this evidence, questions which we are often cautioned to avoid addressing in a vacuum.

Parties often invite courts to make pre-trial rulings on issues of prejudice, relevance and admissibility through motions *in limine*.  The United States Court of Appeals for the Third Circuit has cautioned us, however, that "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage."  In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . .").  Moreover, the Third Circuit has characterized Rule 403, the rule permitting exclusion of evidence, as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and

improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a . . . balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence . . . may not be reversed unless it is arbitrary and irrational." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

This case aptly illustrates why caution is appropriate in this field. The parties' competing submissions in this matter cast this dispute as one which entails the balancing of questions of relevance and prejudice. Rule 401 of the Federal Rules of Evidence defines relevant evidence broadly as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 provides, further, that all "relevant" evidence shall be admissible at trial, except as otherwise provided by other Rules of Evidence or other law. Fed. R. Evid. 402.

These broadly fashioned rules regarding relevant evidence and its presumptive admissibility are tempered by Rule 403, which provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

>	the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Implicit in these evidentiary rules is a fundamental concept: Determinations of relevance, probative value, and unfair prejudice involve an informed assessment of the impact of particular proof in the specific factual context of a specific case. For these reasons, "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990). Because we believe that further development of the factual context is essential to fully-informed decision-making in this field, we will deny Fitzmaurice's motion in limine, and will instead defer any rulings on the extent to which the United States may explore these matters at trial, either as impeachment or as a substantive proof, when we may decide these matters with the benefit of a fully-developed factual record. Moreover, since Fitzmaurice as "a FTCA complainant is not entitled to a jury trial, See O'Neill v. United States, 411 F.2d 139, 141 (3d Cir.1969)" Fulton v. United States, 198 F. App'x 210, 214 (3d Cir. 2006), the risk of unfair prejudice to a jury

which seems to have animated this request by the plaintiff will be minimized if we defer ruling upon these issues until the non-jury trial of this case.

We will, however, require the United States to make a specific offer of proof prior to exploring these issues at trial, either on cross examination or as substantive proof under Rule 404(b). In our view, requiring such a preliminary offer of proof serves the salutary purpose of ensuring that evidence is offered for one of the articulated purposes permitted under the rules of evidence. See United States v. Himmelwright, 42 F.3d 777 (3d Cir. 1994)(discussing importance of proper offer of proof under Rule 404(b)).

An appropriate order follows.

### III.　Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motions in *limine* (Docs. 41 and 44.) will be DENIED, without prejudice to renewal of argument on this issue at trial, but the defendant IS ORDERED to make a preliminary offer of proof at trial prior to endeavoring to present evidence or argument concerning the plaintiff's criminal history at trial, either as substantive evidence or for impeachment purposes.

So ordered this 24th day of July 2012.

　　　　　　　　　　　　　　　　　　　　*/s/ Martin C. Carlson*
　　　　　　　　　　　　　　　　　　　　Martin C. Carlson
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge