PJS:TSJ:all

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LANCE EDWARD FITZMAURICE,** | : | **CIVIL NO. 1:CV-10-2262** |
| **Plaintiff** | : | |
| | : | **v.** |
| | : | |
| | : | **(Carlson, M.J.)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | **Filed Electronically** |

## BRIEF IN SUPPORT OF DEFENDANTS'
## <u>MOTION FOR SUMMARY JUDGMENT</u>

**PETER J. SMITH**
**United States Attorney**

**TIMOTHY JUDGE**
**Assistant U.S. Attorney**
**Attorney I.D. No. PA 203921**

**Anita L. Long**
**Paralegal Specialist**
**United States Attorney's Office**
**235 North Washington Avenue**
**P.O. Bo 309**
**Scranton, PA 18501-0309**
**Phone: (570)348-2800**
**Facsimile: (570)348-2816**

**Dated: January 25, 2013**

## **Table of Contents**

Table of Authorities ..................................................................................... ii

Procedural History ........................................................................................1

Statement of Material Facts ..........................................................................3

Questions Presented ......................................................................................4

Argument.......................................................................................................4

Conclusion ...................................................................................................21

## **Table of Authorities**

(attached)

Defendants, by and through undersigned counsel, hereby submit this brief in support of Defendant's Motion for Summary Judgment (Doc. No. 51.)  Summary Judgment should be granted in favor of the United States because.

## I.  <u>Procedural History</u>

On November 2, 2010, Plaintiff, Lance Edward Fitzmaurice, a federal prisoner, filed a complaint pursuant to the Federal Torts Claim Act. Fitzmaurice alleges in his complaint that on October 19, 2009, while on an escorted medical trip, employees of the Federal Bureau of Prisons (BOP) were negligent by failing to physically assist him as he exited a transport van wearing leg restraints, which resulted in him falling and sustaining injuries.  <u>See</u> Complaint (Doc. 1), 2.

On April 5, 2011, Defendant filed a motion to dismiss the Complaint or, alternatively, for entry of summary judgment in its favor.  (Doc. 14.)  In support of its dispositive motion, Defendant asserted that Fitzmaurice's claims are barred by the discretionary function exception to the FTCA.

The parties fully briefed Defendant's dispositive motion, and on February 14, 2012, the Magistrate Judge issued a Report and Recommendation wherein he recommended that Defendant's dispositive motion be denied.[1]  (Doc. 32.)  On

---

[1] Specifically, the Magistrate Judge recommended that the motion to dismiss be denied because, accepting the allegations of the Complaint as true, the Complaint "adequately alleges a negligence claim based upon a 'negligent guard' theory of

March 9, 2012, Defendant filed objections to the Report and Recommendation.

(Doc. 35.)  On March 21, 2012, the Court adopted the Report and

Recommendation and denied Defendant's dispositive motion.

Defendant filed an Answer to the Complaint on April 4, 2012.  (Doc. 40.)

Fitzmaurice filed a Motion in Limine on April 9, 2012 (Doc. 44), which the parties

fully briefed.  On April 24, 2012, the Court issued a Case Management Order

setting various deadlines, and the parties proceeded to conduct discovery.  (Doc.

47.)  Both parties consented to proceed before a Magistrate Judge, and the case

was subsequently reassigned to Magistrate Judge Carlson.  Order (Doc. 57.)  On

July 24, 2012, the Court denied Fitzmaurice's Motion in Limine without

prejudice.[2]  (Doc. 58.)

---

liability … [which] is not precluded as a matter of law by the FTCA's
discretionary function exemption."  Rep. & Recom. (Doc. 32), 14-15.
Additionally, the Magistrate Judge recommended denial of the motion for
summary judgment because "there are disputed issues of material fact which
preclude summary judgment for defendant in this case at this time."  Rep. &
Recom. (Doc. 32), 3.

[2] Fitzmaurice asked the Court to preclude Defendant from presenting any evidence
of his prior criminal convictions at trial (see Docs. 41, 44); and Defendant argued
that it should be allowed to refer to Fitzmaurice's prior criminal convictions during
trial for impeachment purposes pursuant to Fed. R. Evid. 609, and/or as proof of
other relevant acts pursuant to Fed. R. Evid. 403 and 404(b).  (See Doc. 48.)  The
Magistrate Judge denied the motion without prejudice to renewal of this argument
at trial, but directed Defendant to make a preliminary offer of proof at trial before
attempting to present evidence or argument concerning Fitzmaurice's criminal
history, either as substantive evidence or for impeachment purposes.  Order (Doc.
58), 7.

On August 27, 2012, the Court issued an Amended Case Management Order setting various deadlines, including deadlines for the completion of discovery and for the filing of dispositive motions and briefs.  The Court additionally set this case for trial to begin on March 11, 2013.  (Doc. 62.)

Defendant moved the Court for an enlargement of time until January 25, 2013 in which to file a motion for summary judgment, supporting brief, statement of material facts and supporting evidence.  (Doc. 63.)  The Court granted Defendant's Motion for Enlargement of Time by Order dated January 22, 2013.  (Doc. 66.)  In the interim, Defendant submitted Attachment B to the Declaration of James Betler with a request that this document be sealed (Doc. 64), and a decision regarding the motion to seal is currently pending.

Simultaneously with this brief, Defendant files a motion for entry of summary judgment in favor of the United States.  This brief is submitted in support of Defendant's Motion for Summary Judgment.

## II.  Statement of Material Facts

In accordance with M.D. Pa. L.R. 56.1, Defendants file simultaneously with this brief a separate Statement of Material Facts (SMF) setting forth the facts regarding Fitzmaurice's claims with citations to supporting records.

### III.   Questions Presented

Should the Court grant summary judgment in Defendants' favor because his claims are barred by the discretionary function exception to the FTCA; and because Fitzmaurice fails to set forth a prima facie case of negligence?

Suggested answer:  affirmative.

### IV.  Argument

Summary judgment is appropriate when supporting materials, such as affidavits and other documentation, show there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  In Celotex, the Court held that "Rule 56(e) . . . requires that the non-moving party go beyond the pleadings by [his] own affidavits, or by 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56). Additionally, an opposing party must produce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex, 477 U.S. at 325.

**A.     Fitzmaurice's claims are barred by the discretionary function exception to the FTCA.**

"Under the FTCA, Congress has waived sovereign immunity and has granted consent for the government to be sued for acts committed by any 'employee of the Government while acting within the scope of his office or employment.'"  Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998) (quoting 28 U.S.C. § 1346(b)).  A significant limitation on FTCA claims is imposed by 28 U.S.C. § 2680(a), which provides,

The provisions of this chapter and section 1346(b) of this title shall not apply to –

> (a)     Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

Id.  To the extent an alleged act falls within the discretionary function exception, a court lacks subject matter jurisdiction.  See Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998); Jurzec v. American Motors Corp., 856 F.2d 1116, 1118 (8th Cir. 1988).

**1.     First Prong of the Discretionary Function Exception**

The United States Supreme Court adopted a two-part inquiry with respect to § 2680(a).  United States v. Gaubert, 499 U.S. 315, 322 (1991).  In order to fall under the discretionary function exception, a court must first decide whether "a

federal statute, regulation or policy specifically prescribes a course of action for an employee to follow." Id. (internal quotation and citation omitted).  If so, "the employee has no rightful option but to adhere to the directive." Id. (internal quotation and citation omitted).  The challenged governmental action "must involve an element of judgment or choice." Id. (internal quotation and citation omitted).

In the instant case, the Court previously determined that Defendant met the first step of the discretionary function analysis when considering Defendant's initial dispositive motion, finding that "there is no specific statute, regulation or policy which mandates a specific course of action when handling prisoners in restraints who are entering or exiting a vehicle. . . ."  Rep. & Recom. (Doc. 32) at 12.

Here, BOP Program Statement 5538.05, Escorted Trips, is the policy that sets forth general procedures for transport of prisoners to medical facilities outside the BOP institution.  The policy distinguishes between emergency and non-emergency medical trips.  The policy is codified at 28 C.F.R. § 570.41, et seq. Section 570.44 addresses supervision and restraint requirements for inmates under escort.  Subsection 9(b)(3) of BOP PS 5538.05 specifically requires the use of handcuffs with belly (martin) chains and leaves to the discretion of the transport officers as to whether other restraint equipment is also appropriate.  The decision

of whether to use seat belts for inmates during outside medical trips is also discretionary.  Vinzant v. United States, Civ. No. 2:06-CV-10561, 2010 WL 1857277 *4 , Slip op. (E.D. LA May 7, 2010) (Drell, J.) (copy attached) (finding that "the decision not to secure inmates with safety belts during transport involved 'an element of judgment or choice.'" (quoting Gaubert, 499 U.S. at 322).   There is no policy requiring officers of the BOP to place hands on an inmate exiting a van while the inmate is in hand and leg restraints.

As the Court previously determined, there is no statute, regulation, or policy governing the alleged actions or inactions of the officers in this case.  Therefore, the first prong is satisfied.

## 2.    Second Prong of the Discretionary Function Exception

If the act was discretionary under the first prong, as is the case here, then the second part of the inquiry requires that the judgment or choice be based on "considerations of public policy."  Gaubert, 499 U.S. at 323 (internal quotation and citation omitted).  The primary focus of the second part is "on the nature of the actions taken and on whether they are susceptible to policy analysis."  Id. at 325.  Its purpose "is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and public policy through the medium of an action in tort."  Id. at 322-23.

The Court previously found that the duty of care owed by the BOP when transporting prisoners outside of the institution is mandated by 18 U.S.C. § 4042 and involves the exercise of discretion on the part of the escorting officers. However, the Court found that the United States failed to sufficiently demonstrate "that the element of judgment or choice displayed by the officers in this case was based upon considerations of public policy."  (Order (Doc. 36) at 5.)

The Court permitted this case to proceed to discovery after viewing the facts in a light most favorable to Fitzmaurice, as to whether he stated a viable claim. Now that discovery is closed, and the record is fully developed, Defendant submits that it is clear that the decisions of the escorting officers were indeed susceptible to policy considerations and, therefore, the discretionary function exception to the FTCA applies.

The Court previously relied on the case of Anson v. United States, Civ. No. 07-CV-0035A, 2008 WL 5869030, slip op. (W.D.N.Y. Nov. 5, 2008) (Rep. & Recom.), adopted by Civ. No. 07-CV-0035A, slip op. at 1 (W.D.N.Y. Nov. 28, 2008) (Schroeder, J.) (copy attached) in determining that the discretionary function exemption did not apply in this case and that Fitzmaurice had stated a negligent guard theory claim.  The facts in the Anson case are distinguishable from the facts in the case before us.

In <u>Anson</u>, the United States Marshals were transporting a prisoner to a court hearing.  The Marshal transporting the prisoner had him enter the transport vehicle from the driver's side rear door and climb over a partially folded seat while he was handcuffed to a waist chain and his ankles were shackled.  The reasoning behind entering the vehicle from this approach was because there was loose weather stripping at the top of the passenger side door that would have to be pressed back into place before the door could be closed.  The court stated that the Marshal compromised the prisoner's safety to avoid having to push loose weather stripping back into place and found that this decision was not based on considerations of public policy, thereby falling under a negligent guard theory which precluded application of the discretionary function exception to the FTCA.  <u>Anson</u>, 2008 WL 5869030, *1.

However, a more recent case decided in the District Court of Oregon addressed a fact scenario almost identical to the facts in our case.  In <u>Crane v. USA</u>, Civ. No. 3:CV-10-0068, 2011 WL 7277317, slip op. (D. Or. Nov. 29, 2011) (Acosta, M.J.) (copy attached), (Rep. & Recom.), adopted by Civ. No. 3:CV-10-0068, 2012 WL 442748, slip op. (W.D.N.Y. Nov. 28, 2008) (Schroeder, J.) (copy attached),  the plaintiff alleged that the United States Marshals failed to provide adequate assistance to her as she exited a transport van which resulted in her falling and sustaining injuries.  Id. at *1.  Specifically, she alleged the escorting

Marshals were not in the proximity of the plaintiff as she exited the secure van.  Id. The external step of the van was approximately 15 inches above the ground.  Id. The plaintiff claimed the distance to the ground precluded her from stepping the full distance to the ground.  Id.  She also claimed that her leg irons got stuck in the grating of the step causing her to fall to the ground in a prone position.  Id.  Both escorting Marshals immediately came to her assistance.  Id. at *1.

The United States countered arguing that they had the discretion to weigh competing safety considerations in deciding whether to offer physical assistance to prisoners in the ordinary course of transportation.  Id. at 2.  They argued there were no rules or policies that directed their course of weighing those considerations.  Id. The Government argued that there was no policy directly governing whether to assist prisoners in exiting transport vehicles, and that the deputies assess multiple considerations in deciding whether to offer physical assistance to exiting prisoners. Id.  The court agreed with the government that the discretionary function exception shielded the deputies' decision to not offer physical assistance to the Plaintiff as she stepped down from the van and granted summary judgment.  Id. at *3.

In discussing the public policy prong of the discretionary function exception analysis, the court stated the deputy marshals move more than 17,000 prisoners a year, frequently transported in shackles via a van.  Id. at *7.  The deputies receive training in how to transport prisoners who are restrained and are trained to take

into account both prisoner and situational characteristics in deciding how to

proceed in handling fully-shackled prisoners, including whether the prisoner

requested assistance, the physical well-being of the prisoner, known handicaps, and

prior experience with the prisoner.  Id.  The deputies also considered the

surroundings to determine whether providing assistance might create a safety or

security concern for themselves or the general public.  Id.

The Crane court concluded that the failure to provide assistance that might

have prevented the fall did not present an actionable liability against the

Government.  Id. at *8.  It found that the deputies balanced their knowledge of the

prisoner and general risks attendant to unloading a shackled prisoner from a

transport van and determined that physical assistance was not needed.  Id.  The

court concluded that "the deputies' assessment of competing risks to prisoners,

officers, and public safety is precisely the kind of decision meant to be shielded by

the discretionary function exception."  Id.  The court granted the defendant's

motion for summary judgment for lack of subject matter jurisdiction.  Id.

In the instant case, the Court previously relied upon memoranda submitted

by the escorting officers and concluded the guards may have been negligent by

having their backs to Fitzmaurice as he exited the vehicle.  Rep. & Recom. (Doc.

32) at 15.  Consequently, the Court concluded that the guards may have been

negligently inattentive to Fitzmaurice, which resulted in him falling and sustaining injuries.  Id.

Now that discovery has been conducted and the record fully developed, it is clear that the officers' decision in this case regarding whether it is appropriate to place his hands on the inmate, as well as the decision regarding design of the side step of the transport van, is <u>susceptible</u> to policy consideration.  Courts must only determine whether the challenged conduct is <u>susceptible</u> to policy analysis; the exception does not require there to have been an actual weighing of policy considerations.  <u>Gaubert</u>, 499 U.S. at 324.  It is not important whether the Government officials actually balanced economic, social, or political policy concerns in determining the course of action to take.  <u>In Re Joint Eastern & Southern District Asbestos Litigations</u>, 891 F2d 31, 37 (2d Cir. 1989).  Even if there is no evidence that economic, social, or political policy concerns were the basis of the challenged decisions, the discretionary function exception still applies if the decisions are susceptible to that type of policy analysis.  <u>Hughes v. US</u>, 110 F.3d 765, 768 (11th Cir. 1997) ("we need not inquire whether [the defendant] engaged in a weighing of policy considerations in the decision. . . .  'When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that

discretion.'" (quoting <u>Gaubert</u>, 499 U.S. at 324)); <u>Dykstra v. United States Bureau</u>

<u>of Prisons</u>, 140, F.3d 791 (8th Cir. 1998) (finding that because the plaintiff failed

to allege any facts establishing that the agent's decision was <u>not</u> grounded in policy

considerations, the court presumed, pursuant to <u>Gaubert</u>, that the decision <u>was</u>

based on public policy considerations and applied the discretionary function

exception); <u>Mesa v US</u>, 123 F.3d 1435, 1438 (11th Cir. 1997) ("we do not focus on

the subjective intent of the government employee[s] or inquire whether the

employee[s] actually weighed social, economic, and political policy considerations

before acting . . . '[instead] [w]e focus . . . on the nature of the actions taken and on

whether they are <u>susceptible</u> to policy analysis'") (quoting <u>Ochran v. United States</u>,

117 F.3d 495, 500 (11th Cir. 1997) (additional citations omitted)); <u>Rosebush v.</u>

<u>United States</u>, 119 F3d 438, 444 (6th Cir. 1997) ("even if there is no evidence that

policy concerns were the basis of a challenged decision, the discretionary function

exception applies if the decision is <u>susceptible</u> to policy analysis.") (citing

<u>Myslakowski v. United States</u>, 806 F.2d 94, 97 (6th Cir. 1986)) ; In Re Joint

Eastern & Southern District Asbestos Litigations, 891 F2d 31, 37 (2d Cir. 1989)

(finding, "[w]e believe that it is unimportant whether the government actually

balanced economic, social, and political concerns in reaching its decision" not to

warn of the hazards of asbestos on board a merchant fleet) (citations omitted));

<u>Cochran v. United States</u>, 38 F. Supp.2d 986,  (N.D. Fl. 1998) ("even if there is no

evidence that economic, social, or political policy concerns were the basis of the challenged decisions, the discretionary function exception still applies if the decisions are <u>susceptible</u> to that type of policy analysis.") (citations omitted)).

In the instant case, Defendant has submitted competent summary judgment evidence demonstrating that BOP policies and procedures do not address how inmates are to be physically handled or whether they should be physically assisted with entering or exiting an escort vehicle wearing leg shackles.  SMF ¶¶ 84-118. The escorting officers are not required by policy to put their hands on the inmate as he exits the vehicle.  SMF ¶ 113.

The Court previously analyzed the actual conduct of the officers in reaching the conclusion that they may have been negligently inattentive to their duties.[3] Rep. & Recom. (Doc. 32) at 15.  Defendant maintains that the proper analysis is whether the officer's conduct is <u>susceptible</u> to policy analysis.  <u>Crane</u>, 2011 WL 7277317 at *5 ("the decision need only be the kind that is susceptible to policy analysis; it need not be 'actually grounded in policy considerations.'") (quoting <u>Miller v. United States</u>, 163 F.3d 591, 593 (9th Cir. 1998)).

---

[3] The negligent guard theory has not been adopted in this Circuit and no precedential case controlling over this Court has accepted it as an exception to the discretionary junction exception.  Additionally, the negligent guard theory is at odds with the second prong wherein the discretionary action must only be <u>susceptible</u> to policy analysis.  The negligent guard theory goes further and looks to the actual actions of the alleged officer to determine whether the officer was inattentive.

Here, as in <u>Crane</u>, the actions of the BOP escorting staff were indeed susceptible to policy analysis.  Consideration of whether to assist an inmate in getting out of the van could include whether the prisoner requested assistance, the physical well-being of the prisoner, known handicaps, and the officers' prior experience with the prisoner.  <u>Crane</u>, 2011 WL 7277317 at *7.  The physical surroundings could also be considered to determine whether providing assistance to the inmate will potentially create a safety or security situation for themselves, the general public or the inmate.  <u>Id.</u>  The BOP's decision to permit officers to decide how best to escort inmates as they exit vans is susceptible to a policy analysis as to how to balance the safety of the inmate with the safety of staff and the general public.  <u>Id.</u>

This policy decision is all the more evident considering that some officers conducting the escort are carrying firearms.  See USP Canaan Special Post Orders (Att. B to Betler Decl. (Ex. 4), ) – SUBMITTED UNDER SEAL.  Requiring BOP staff to place hands on every inmate exiting a van for an outside medical visit takes the discretion away from the BOP in how best to balance the safety of the inmate with the safety of the officer and public.  As such, this Court should find that how and when to assist an inmate exiting a van for an outside medical visit is susceptible to a policy analysis.  Thus, Fitzmaurice's claims are precluded by the discretionary function exception.

The second prong of the discretionary function exception applies to this case because the decision whether to physically assist an inmate exiting a van is susceptible to policy analysis.  Crane, 2011 WL 7277317 at *3 ("the discretionary function exception, as interpreted by the Ninth Circuit, would shield the deputies' decision to not offer physical assistance to Crane as she stepped down from the van….")  Therefore, the Court should find that the second prong is satisfied and that the discretionary function exception precludes Plaintiff's claims.

Likewise, to the extent the Complaint alleges that the design of the step of the transport van itself amounted to negligence, there are no policies which govern the modification of vehicles.  SMF ¶¶ 70-78.  Modifications are made based on security and safety needs.  SMF ¶ 73.  The steps were specifically added to allow inmates to enter and exit the vehicle safely while wearing leg restraints, with a non-slip surface that will allow snow, sleet, rain, and other materials to sift through so as not to interfere with the safe use of the steps.  SMF ¶¶ 74-75.  The length of the chain between the leg irons was also considered in determining the height of the step.  SMF ¶ 77.

Discretionary function defense applies to the decision of what type of steps to use, the type of vehicles to use, and determining the height of the steps because the decisions are susceptible to policy analysis.  18 USC § 4042 requires the safekeeping of inmates.  How to keep an inmate safe while entering or exiting a

vehicle is not addressed in any BOP policy.  Determining the type of vehicle to
use, the placement of steps and height of steps on the vehicle is exactly the type of
decision the discretionary function exception is designed to shield from liability.
Such decisions require the BOP to balance resources with inmate safety, staff
safety, and the safety of the general public.  <u>Ortiz v. United States</u>, Civ. No. 01
Civ. 4665, 2002 WL 1492115, slip op. at * (S.D.N.Y. July 11, 2002) (Hellerstein,
J.) (copy attached) (finding that a decision made by balancing a number of public
policy considerations, such as inmate safety, prison security concerns and effective
use of limited resources,  such decision falls within the discretionary function
exception.)  Therefore, the Court should find that the decision on the type and
design of vehicle is susceptible to a policy analysis and that the claim is precluded
by the discretionary function exception.

**B.     Plaintiff Has Failed to Show the United States Was Negligent.**

The Federal Tort Claims Act governs all claims against the United States for
money damages, for injury or loss of personal property or personal injury or death
caused by the negligent or wrongful act or omission of any employee of the
Government while acting within the scope of his office or employment.  28 U.S.C.
§ 2675(a).  Under the FTCA, the United States is liable "in the same manner and to
the same extent as a private individual under like circumstances, but shall not be
liable for . . . punitive damages."  28 U.S.C. § 2674.  The FTCA "provides a

mechanism for bringing a State law tort action against the Federal Government in Federal Court" and the "extent of the United States' liability under the FTCA is generally determined by reference to state law." In re Orthopedic Bone Screw Product Liability Litigation, 264 F.3d 344, 362 (3d Cir. 2001)(quoting Molzof v. United States, 502 U.S. 301, 305 (1992)).

It is well-settled that a federal district court, in considering an FTCA action, must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b)(1991); Turner v. Miller, 679 F.Supp. 441, 443 (M.D. Pa. 1987). To establish a cause of action for negligence, the Plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage suffered by the complainant. Cooper v. Frankford Health Care System, 960 A.2d 124, 140 n.2 (Ps. Super. 2008) (citing Jones v. Levin, 940 1.2d 451, 454 (Pa. Super. 2007)). "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." Martin v. Evans, 551 Pa. 496, 711 A.2d 458, 461 (1998). Fitzmaurice has the initial burden of proving by a preponderance of the evidence that Defendant's act or omission deviated from the general standard of care under the circumstances and that the deviation proximately caused the harm. Id.

-18-

The escorting officers positioned themselves in a manner in which they felt would best be able to maintain security of the escort trip.  SMF ¶ 23-25. Fitzmaurice exited the vehicle while one of the escorting officers was opening the doors of the escort van.  SMF ¶ 27.  The chain between the leg irons became entangled on the step of the van and the inmate fell to the ground while stepping out of the vehicle.  SMF ¶ 29.  The officers assisted Fitzmaurice in getting up and escorted him into the office for his medical appointment.  SMF ¶ 30.

Fitzmaurice did not make mention of the fall to the orthopedic doctor he was seeing that day.  SMF ¶ 32.  He was evaluated upon his return to the institution, and only minor abrasions were noted.  SMF ¶¶ 45-49.  X-rays were taken of Plaintiff's back, hand and thumb on October 21, 2009.  All results were negative. SMF ¶¶ 50-53.  Medical records reflect that on the day of the fall and shortly thereafter, he had only minor abrasions to his right elbow and left ankle as well as some swelling to his left thumb/hand area.  SMF ¶¶ 48-49, 59.  The injuries described are consistent with falling.  SMF ¶ 65.  Symptoms related to the fall would likely have resolved within days or a couple of weeks of the fall.  SMF ¶ 65. Nothing in the record suggests his then existing knee issue was aggravated by his fall on October 19, 2009.  SMF ¶ 67.  Fitzmaurice's spine is normal for his age. SMF ¶ 68.

There was no requirement for staff to physically assist an inmate entering or exiting the escort vehicle, and no indication Fitzmaurice requested or required assistance to exit the van.  It was not unreasonable for the escort staff to allow him to step out of the escort vehicle on his own.[4]  When the chain became entangled in the step as he was exiting the vehicle and he fell, the escorting staff immediately assisted the plaintiff in getting the chain loose and helped him to get back on his feet.  Escort staff did not breach any duty owed to the Plaintiff.

The injuries described in the medical assessment after he was returned from the institution were minor and would likely have resolved within a matter of days or weeks.  Subsequent testing failed to reveal any damage to Fitzmaurice's back or neck.  He had some degenerative changes in his neck with no indication as to cause, and his spine is normal for his age.

Fitzmaurice fails to establish the breach of any duty or any injuries as a result of negligence on the part of staff or the agency.  Therefore, summary judgment should entered in favor of Defendant.

---

[4] Fitzmaurice's claims fail even under a negligent guard theory.  There is no evidence or genuine issue of material fact supported by any competent summary judgment evidence that Fitzmaurice was injured because the officers were inattentive or lazy.

## V.  Conclusion

For the above-stated reasons, the Complaint summary judgment granted in favor of Defendant.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s Timothy Judge
TIMOTHY JUDGE
Assistant U.S. Attorney
Attorney I.D. No. PA 203921
Anita L. Long
Paralegal Specialist
United States Attorney's Office
235 North Washington Avenue
P.O. Bo 309
Scranton, PA 18501-0309
Phone: (570)348-2800
Facsimile: (570)348-2816

Dated: January 25, 2013

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LANCE EDWARD FITZMAURICE,** | : | **CIVIL NO. 1:CV-10-2262** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | **(Carlson, M.J.)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | **Filed  Electronically** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.  That this 25th day of January, 2013, she served a copy of the attached

**BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Lance Edward Fitzmaurice
Reg. No. 15245-031
USP Marion
PO Box 1000
Marion IL  62959

/s Anita L. Long
Anita L. Long
Paralegal Specialist