# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LANCE EDWARD FITZMAURICE,** | : | Civil No. 1:10-CV-2262 |
| **Plaintiff** | : | (Magistrate Judge Carlson) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

### I. INTRODUCTION

Now pending before the court is the defendant's motion to seal an exhibit that the defendant has offered in support of its motion for summary judgment. (Doc. 64.) Because we find that the document that is the subject of the motion provides little to support the defendant's motion for summary judgment that is not already provided by declarations and other evidence that would not be sealed, we conclude that it is unnecessary to enter an order that would prevent the document from being disclosed to the plaintiff or the public. Accordingly, the motion will be denied.

### II. BACKGROUND

The plaintiff, Lance Edward Fitzmaurice, is an inmate in the custody of the Bureau of Prisons, currently incarcerated at the United States Penitentiary at Marion, Illinois. On November 2, 2010, the plaintiff filed a complaint pursuant to the Federal

Tort Claims Act, in which the plaintiff alleges that while on an escorted medical trip, employees of the BOP were negligent by failing to physically assist him as he exited a transport van wearing leg restraints, which resulted in him falling and sustaining injuries. (Doc. 1.)

On January 25, 2013, the defendant filed a motion for summary judgment. (Doc. 67.) In support of that motion, the defendant has filed a brief in support (Doc. 69.) along with a statement of facts supported by evidentiary exhibits (Doc. 69.). With respect to one of the exhibits submitted – which itself is an attachment to an sworn declaration that the defendant relies upon – the defendant has moved the court to have the exhibit placed under seal. (Doc. 64.) The defendant seeks to have the document not only sealed from disclosure to the public on the court's docket, but also from disclosure to the plaintiff as well. In the motion to seal, the defendant provides little information to describe the document that is the subject of the motion, but the defendant has provided additional information to the court in a statement offered in support of the motion, which itself has been provisionally sealed pending a ruling on the motion to seal.[1] (Doc. 65.) For purposes of this order, it is sufficient to state that

---

[1] The plaintiff has not responded to the motion to seal, although there would be no apparent way for the plaintiff to respond in any material way to the motion because he has not been provided any description of the document that is the subject of the motion, or the basis for the sealing motion.

the document that is the subject of the motion contains BOP policies and procedures regarding the transport of inmates, and that it contains detailed sensitive information.

Upon consideration, the motion to seal will be denied.

## III. **DISCUSSION**

The United States Court of Appeals for the Third Circuit has long "recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute.'" Pansy v. Borough of Stroudsburg, 23 F.3d 772, 780-81 (3d Cir. 1994) (quoting Littlejohn v. Bic Corp., 851 F.2d 673, 677-78 (3d Cir. 1988); see also United States v. Wecht, 484 F.3d 194, 207-08 (3d Cir. 2007); Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1066 (3d Cir. 1984)). In general, the common law right of access to documents filed with the court "attaches to any document that is considered a 'judicial record,' which 'depends on whether [the] document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" Wecht, 484 F.3d at 208 (quoting Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001)); see also United States v. Martin, 746 F.2d 964, 968 (3d Cir. 1984) ("The common law right of access is not limited to evidence, but rather encompasses all judicial records and documents. It includes transcripts, evidence, pleadings, and other materials submitted by litigants . . . .") (citation and internal quotation marks omitted).

3

Yet, while the public right of access to judicial documents is well established, and although there is a strong presumption in favor of public disclosure, the right of public access is not absolute. Wecht, 484 F.3d at 208. Courts retain the authority to issue protective orders and other sealing decisions in order to restrict the disclosure of sensitive information when there exists good cause to do so. Id.; see also Pansy, 23 F.3d at 787-91. The Third Circuit has identified seven factors that courts should consider before entering a protective order, including: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. See Pansy, 23 F.3d at 787-91.

In this case, although the government has generally represented that the information to be sealed is confidential and sensitive information that could implicate public safety, we ultimately conclude that it is unnecessary to grant the defendant's motion to seal because the document that is the subject of the motion provides little

pertinent evidence aside from what has already been submitted through the Declaration of James Betler. (Doc. 68, Ex. 4.) Notably, the plaintiff has been provided with a copy of Mr. Betler's declaration. (Doc. 68, Certificate of Service.) Accordingly, rather than engage in a detailed balancing under Pansy, therefore, we find that the better course is to deny the motion to seal, strike the exhibit from the docket, and decline to rely upon on a document that would be withheld from both the public and the plaintiff in the course of adjudicating the defendant's pending motion for summary judgment. By proceeding in this manner, the defendant's concern regarding the sensitive nature of the information contained in the document is respected, while the plaintiff and the public's interest in ensuring the transparency of the court's adjudicative decisions is also honored.

## IV. **ORDER**

Accordingly, IT IS HEREBY ORDERED THAT the government's motion to seal (Doc. 64.) is DENIED. The Clerk of Court is directed to strike the exhibit that has been provisionally sealed at Document Number 65 from the record in this case.

So ordered this 29th day of January 2013.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge